# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| GREGORY HAMILTON, ) | CASE NO. 1: 17 CV 1901 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| WARDEN S. MERLAK, ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Gregory Hamilton, a federal prisoner who was sentenced in this Court, has filed a Petition for a Writ of *Habeas Corpus* Under 28 U.S.C. § 2241. (Doc. No. 1.) The matter is before the Court for initial screening. *See* 28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to Section 2241 petitions under Rule 1(b)), the Court must dismiss the Petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has "a duty to screen out a *habeas corpus* petition which should be dismissed for lack of merit on its face.").

For the reasons stated below, the Court finds that this Petition must be summarily dismissed.

**Background**

On September 11, 2013, Petitioner was charged with one count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of Title 21, United States Code, §§ 846 and 841(a)(1) and (b)(1)(A), and five counts of Use of a Telephone to Facilitate Drug Trafficking, in violation of Title 21, United States Code, § 843(b). He executed a written plea agreement, in which he pleaded guilty to Count One of the Superseding Indictment (Conspiracy to Distribute and Possess with Intent to Distribute Heroin). Among other things, the plea agreement expressly stated that Petitioner may qualify for a career offender enhancement. On October 14, 2015, this Court sentenced him to 120 months imprisonment, to be followed by six years of supervised release, a sentence that included a career offender enhancement. *See United States v. Hamilton*, Case No. 1: 13 CR 345-29 (N.D. Ohio).

Petitioner did not file a notice of appeal. On March 14, 2016, he filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255, asserting that his counsel was ineffective. This Court denied the motion on May 18, 2016, and declined to issue a certificate of appealability. Petitioner filed a Motion to Alter or Amend Judgment, again asserting ineffective assistance of his counsel, including in connection with the appropriateness of the career offender enhancement. The Court transferred the Motion to the Sixth Circuit Court of Appeals as a Second or Successive § 2255 Motion. The Sixth Circuit dismissed the Motion for want of prosecution.

Now, in this case, Petitioner seeks relief from his enhanced sentence under § 2241, citing *Mathis v. United States*, 136 S. Ct. 2243 (2016).

**Analysis**

If a federal prisoner wishes to challenge the legality of his conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255. *Capaldi v. Pontesso*,

135 F.3d 1122, 1123 (6th Cir. 2003). A *habeas corpus* petition under 28 U.S.C. § 2241 is only "appropriate for claims challenging the execution or manner in which the sentence is served," such as claims challenging computation of sentence credits or determining terms of parole. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 contains a limited "savings clause," 28 U.S.C. § 2255(e), that allows a prisoner to bring a § 2241 claim challenging the legality of his conviction or sentence in the extraordinarily narrow circumstances where a prisoner can show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The Sixth Circuit has regularly indicated that the narrow scope of relief under the savings clause does not apply to sentencing claims. *See Jones v. Castillo*, 489 F. App'x 864, 866, 2012 WL 2947933, at *1 (6th Cir. 2012) ( "[c]laims alleging "actual innocence" of a sentencing enhancement cannot be raised under § 2241"); *see also Reminsky v. U.S.*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause of § 2255(e) does not apply to sentencing claims.").

Recently, the Sixth Circuit held that a prisoner may raise a sentence-enhancement claim in a § 2241 petition in very limited circumstances. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). The *Hill* Court expressly defined those circumstances as

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id*. at 599-600.

The circumstances articulated in *Hill* do not apply here. Petitioner was not sentenced under

the mandatory guidelines regime pre-*United States v. Booker*. Rather, he was sentenced in 2016, well after *Booker* was decided. Further, Petitioner bases his § 2241 Petition on the Supreme Court's decision in *Mathis*, 136 S. Ct. 2243. The Supreme Court has not declared *Mathis* to apply retroactively on collateral review. *See In re Conzelmann*, 872 F.3d 375 (6th Cir. 2017). Accordingly, Petitioner is not entitled to relief under § 2241.

## Conclusion

For the reasons stated above, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing *Habeas Corpus* Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>
CHRISTOPHER A. BOYKO<br>
UNITED STATES DISTRICT JUDGE

DATED: November 14, 2017